UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

IAN GOLDMAN,                                    |        09 Civ. _____

                  Plaintiff,                    |

        - against -                             |

                                                |        COMPLAINT

ADAM WHITE, AARON  NAPERSTEK,                    |
THE OPEN PLANNING PROJECT, INC.,                |
JOHN DOES 1 through 5,                          |

                  Defendants.                   |

-----------------------------------------------------------x

PLAINTIFF IAN GOLDMAN, by his attorneys Nesenoff & Miltenberg, LLP, as and for his

Complaint, respectfully alleges as follows:

## THE GRAVAMEN OF THE COMPLAINT

1. Plaintiff Ian Goldman brings this action under the federal Drivers Privacy Protection Act,

18 U.S.C. §§ 2721-2725. In violation of 18 U.S.C. §§ 2721 and 2722, Defendant Adam White made

a "false representation" to obtain "personal information" of  Plaintiff Ian Goldman from a motor

vehicle record maintained by the New York State Department of Motor Vehicles, and Defendant

Aaron Naperstek and a Defendant "John Doe" unlawfully disclosed "personal information," as

defined in 18 U.S..C. § 2725, of Plaintiff Ian Goldman from said motor vehicle record for an

unlawful purpose, not a permitted purpose, in the Defendant streetsblog.org.  In these circumstances,

under 18 U.S.C. § 2724, Plaintiff Ian Goldman has a civil action to obtain relief in damages,

injunctive relief, attorneys fees and costs against Defendants, who are persons who have knowingly

obtained or disclosed personal information, from a motor vehicle record, for a purpose not permitted

under the Drivers Privacy Protection Act.

˘2˘

## THE PARTIES

2. Plaintiff Ian Goldman ("Plaintiff Goldman") is an individual who maintains an address at c/o Celerant Technology Corp., 4830 Arthur Kill Road, New York (Staten Island), New York 10309.

3. Defendant Adam White ("Defendant White") is an individual who maintains an address at 225 Broadway - Suite 2000, New York (Manhattan), New York 10007.

4. Defendant Aaron Naperstek ("Defendant Naperstek") is an individual who maintains an address at 664 Union Street, New York (Brooklyn), New York 11215. Defendant Naperstek is the Editor-in-Chief of the website Streetsblog.org.

5. Defendant The Open Planning Project, Inc. is a not-for-profit corporation organized under the laws of the State of New York and has its principal office at 377 Broadway, 11th Floor, New York (Manhattan), New York 10013. Defendant The Open Planning Project, Inc. is the publisher of the website Streetsblog.org.

6. Defendants John Does 1 through 5 are individuals whose names are presently unknown to Plaintiff Goldman but who bear legal responsibility and liability for the violations stated herein.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because there is a federal question.

8. Venue properly lies in this Judicial District pursuant to 28 U.S.C. § 1391(a) because the Defendant publisher of the website Streetsblog.org has its principal office within the Judicial District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this Judicial District.

˘3˘

## ALLEGATIONS PERTAINING TO ALL CAUSES OF ACTION

9. The New York State Department of Motor Vehicles and other States' Departments of Motor Vehicles require drivers and motor vehicle owners to provide personal information, including name, address, telephone number, vehicle description, social security number, medical information and a photograph. That information is defined as "personal information" in the "Definitions" provisions of the federal Drivers Privacy Protection Act at 18 U.S.C. § 2725; and disclosure of such "personal information" is regulated by the Drivers Privacy Protection Act. The Drivers Privacy Protection Act makes unlawful: (i) disclosure by a State department of motor vehicle of "personal information" in the records of a State Department of Motor Vehicles without a driver's consent except for certain statutorily defined purposes; and (ii) disclosure by a person who has obtained "personal information" from the records of a State Department of Motor Vehicles without a driver's consent except for certain statutorily defined purposes.

10. On some day prior to November 22, 2006, Defendant White, an attorney, filled out a notarized search authorization form with the New York State Department of Motor Vehicles. The notarized search request stated that Defendant White was seeking "to obtain ownership/registration information on vehicles involved in accidents with my clients." The search authorization form included a certification by Defendant White representing that the information would be obtained for the following three "permissible uses": (i) "Use in matters of motor vehicle or driver safety"; (ii) "Use in preventing fraud by pursuing legal remedies against, or recovering on a debt or security interest against an individual in order to verify or correct the accuracy of personal information submitted by the individual to a legitimate business or its agents, employees, or contractors"; and (iii) "Use in any civil, criminal, administrative, or arbitral proceeding in any court or agency, including the service of

—

˘4˘

process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders or pursuant to a court order."

11.   In the morning of November 22, 2006, a minor traffic incident without a collision occurred involving Plaintiff Goldman, driving a 2005 Jeep Cherokee, and an unknown person, riding a bicycle.  The incident occurred on West 87th Street near the intersection of West 87th Street and West End Avenue in Manhattan, New York.  Both the Jeep Cherokee driven by Plaintiff Goldman and the bicycle ridden by the unknown person had been traveling west on West 87th Street, but both were stopped by the pedestrians walking across West End Avenue at the intersection of West 87th Street with West End Avenue.  When the pedestrians cleared West End Avenue at the intersection of West 87th Street and West End Avenue, both Plaintiff Goldman driving the Jeep Cherokee and the unknown person on the bicycle started to proceed into the intersection, but then quickly stopped to avoid a collision.  There was no contact made between the Jeep Cherokee and the bicycle.  The unknown person nevertheless got off his bicycle and, in the middle of traffic, stood next to his bicycle in front of Plaintiff Goldman's Jeep Cherokee and, looking incensed, made appearances of wanting to get into an argument and physical altercation.  Plaintiff Goldman, not wishing to get into a "road rage" argument and physical altercation with the bicyclist and there not having been a collision, backed up his Jeep Cherokee 15 feet and turned it so as to avoid the standing unknown person with his bicycle and drove from the scene, avoiding the bicyclist and his bicyle.

12.   That same day, November 22, 2006, subsequent to the incident identified in paragraph 11 above, Defendant White, an attorney, used the previously filled out notarized search request with the New York State Department of Motor Vehicles for ownership and registration information on what was Plaintiff Goldman's Jeep Cherokee.  Because the previously filled out notarized search

˘5˘

request stated that Defendant White was seeking "to obtain ownership/registration information on vehicle involved in accidents with my clients," the statement of intent in the search form was false as applied to the request for information on what was Plaintiff Goldman's Jeep Cherokee because there had been no accident, much less accidents, involving Plaintiff Goldman's Jeep Cherokee. Further, the search request's certification by Defendant White representing that the information was being obtained for identified "permissible uses" was false. The certification reflected the following three "permissible uses": (i) "Use in matters of motor vehicle or driver safety"; (ii) "Use in preventing fraud by pursuing legal remedies against, or recovering on a debt or security interest against an individual in order to verify or correct the accuracy of personal information submitted by the individual to a legitimate business or its agents, employees, or contractors"; and (iii) "Use in any civil, criminal, administrative, or arbitral proceeding in any court or agency, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders or pursuant to a court order." Defendant White was not, however, obtaining the information maintained by the New York State Department of Motor Vehicles for those uses, but for uses revealed in further events. On information and belief, Defendant White obtained the "personal information" of Plaintiff Goldman and communicated or used that information for publication on Streetsblog.org and acted wilfully and in reckless disregard of the law wantonly in doing so.

13.    Still on November 22, 2006, Defendant Naparstek published on the website Streetsblog.org an article entitled "This Morning's Commute," the URL for which was and is http://www.streetsblog.org/2006/11/22/this-mornings-commute/. Defendant Naperstek stated in the article that he had received an account from a bicyclist. The purported account inaccurately described the minor traffic incident identified in paragraph 11 above. The article "This Morning's

˘6˘

Commute" described the incident as follows: an SUV driver and the bicyclist at the intersection of West 87th Street and West End Avenue had to jam on brakes to avoid collision; the bicyclist attempted to speak to the driver of the SUV, but the driver of the SUV accelerated going forward, intending to hit the bicyclist and running over the bicycle; the bicyclist was shaken by this "disturbing" incident; the bicyclist reported the incident to a police officer while still shaken; the bicyclist complained that the police officer was not concerned about what the bicyclist said was the deliberate action of the SUV driver; and the bicyclist was in "a state of shock." Defendant Naperstek is the Editor-in-Chief of the website Streetsblog.org, but published the article under his name as a writer.

14. On November 22, 2006, at or about 1:16 PM, a comment on Streetsblog.org was posted by one "JK" to the "This Morning's Commute"article by Defendant Naperstek that provided "personal information" as defined in 18 U.S.C. § 2725 in the Drivers Privacy Protection Act concerning Plaintiff Goldman obtained by Defendant White from the New York State Department of Motor Vehicles and did so wilfully and in reckless disregard of the law.

15. On November 22, 2009, at or about 1:31 PM, a comment on Streetsblog.org was posted by "Glenn" identifying Plaintiff Goldman's company Celerant Technology and its **"CEO Ian Goldman,"** describing the nature of the business of Celerant Technology and locating its headquarters in **"Staten Island, New York."** (Emphasis in the original.) The comment concluded with the words "I say go after him. And go to the media too." Minutes later, at or about 1:33 PM, a comment on Streetsblog.org was posted by "Aaron," on information and belief was Defendant Naperstek, also identifying Plaintiff Goldman and his position as CEO of his company Celerant Technologies. These identifications were only possible because of the "personal information," as

˘7˘

defined in 18 U.S.C. § 2725 in the Drivers Privacy Protection Act, concerning Plaintiff Goldman

originally obtained by Defendant White from the New York State Department of Motor Vehicles.

16. On November 22, 2006, at or about 7:34 PM, a comment on Streetsblog.org was posted

by one "Aaron," who on information and belief was Defendant Naperstek, that reproduced an e-mail

exchange with Plaintiff Goldman. The firsts e-mail in the comment was from "A Streetsblog

Correspondent" to "Ian Goldman -- Alleged SUV road rager"; and the published e-mail unlawfully

included "personal information," as defined in 18 U.S.C. § 2725, unlawfully obtained by Defendant

White from the New York State Department of Motor Vehicles and now unlawfully used by

Defendant Naperstek wilfully and in reckless disregard of the law.

17. On November 22, 2006, at or about 9:54 PM, a comment on Streetsblog.org was posted

by one "JK" stating that "[i]ndependent of whether the police or the DA accept a criminal complaint

for attempted assault," under New York law, the motorist must be charged with "hit and run" for

"leaving the scene of the collision." There was, however, no collision in the incident identified in

paragraph 11 above.

18. On or about December 5, 2006, Plaintiff Goldman e-mailed to Defendant Naperstek to

inform Defendant Naperstek and the publishers of Streetsblog.org of Plaintiff Goldman's rights

under the Drivers Privacy Protection Act.

19. On December 11, 2006, Defendant Naperstek published an article on Streetsblog.org

entitled "Beijing Bike Bully Forced To Apologize on TV," the URL for which was and is

http://www.streetsblog.org/2006/12/11/the-ian-goldman-of-beijing/. The article began with the

statement "While New York City awaits an explanation (or apology) from Celerant CEO Ian

Goldman whose SUV was used to run over a man's bicycle on the Upper West Side on November

˘8˘

22, this story from Beijing comes across the Streetsblog transom. . . ." This identification was only possible because of the "personal information," as defined in 18 U.S.C. § 2725 in the Drivers Privacy Protection Act, concerning Plaintiff Goldman originally obtained by Defendant White from the New York State Department of Motor Vehicles. In publishing the information about Plaintiff Goldman in an otherwise unrelated story in "Beijing Bike Bully Forced To Apologize on TV," Defendant Naperstek was acting wilfully and in reckless disregard of the law. Additionally, by using ian-goldman in the URL of the article, he causes the article to appear high in the search engines results when searching for "Ian Goldman", thus willfully propagating the aforementioned "personal information". This article also has a link to http://www.streetsblog.org/2006/11/22/ this-mornings-commute/. (This Mornings Commute – the Ian Goldman Affair). By linking to the "This Mornings Commute" article, the "personal information" is further disseminated and the "The Mornings Commute" article will also appear higher during a google search.

20. In early January 2007, an article appeared in the Wall Street Journal that discussed the incident and ensuing publication of "personal information" of Plaintiff Goldman on the website Streetsblog.org, specifically identifying Plaintiff Goldman. On or about January 15, 2007, Defendant Naperstek published an article on Streetsblog.org entitled "Celerant CEO Ian Goldman in the Wall Street Journal," the URL for which was and is http://www.streetsblog.org/2007/01/15/ celerant-ceo-ian-goldman-celebrated-in-the-wall-street-journal/. The article began with the false statement "Back in November Streetblog published the first-person account of a cyclist who had been menaced and run over by a road raging SUV driver on the Upper Side of Manhattan." The article continued "within hours of publication, Streetsblog's online community had identified the owner of the vehicle and published his e-mail, headshot, and an aerial photo of his home. By day's

˜9˜

end, the owner of the SUV -- Ian Goldman, CEO of a Staten Island-based tech company called Celerant -- had been contacted by a Streetsblog reader. . . ." The article then lamented that a Wall Street Journal article which had included "the Streetsblog Ian Goldman incident" had decried "the 'weird and creepy' trend of 'shame sites' participating in an 'online vigilantism movement.'" By using "ian-goldman" in the URL of the article, he affects the google algorithm to cause the article to appear high in the search engines results when searching for "Ian Goldman", thus willfully propogating the aforementioned "personal information". This article also has a link to http://www.streetsblog.org/2006/11/22/this-mornings-commute/. (This Mornings Communte – the Ian Goldman Affair). By linking to the "This Mornings Commute" article, the "personal information" is further disceminated and the "The Mornings Communte" article will also appear higher during a google search. Additionally, by using "Celerant" in the URL of the article, he is again willfully propogating "personal information" when someone does a Google search for "Celerant", plaintiff Goldman's employer.

21. Subsequently, in or about late January 2007, the article that Defendant Naperstek had originally published on November 22, 2009, on Streetsblog.org under the title "This Morning's Commute" had the article's title modified to "This Morning's Commute: The Ian Goldman Affair." Defendant Naperstek was able to identify the SUV driver as Plaintiff Goldman in the headline for the article appearing on Streetsblog.org because of the "personal information" unlawfully obtained by Defendant White from the New York State Department of Motor Vehicles and now unlawfully used by Defendant Naperstek wilfully and in reckless disregard of the law. Plaintiff Goldman's name was "personal information" as defined in 18 U.S.C. § 2725 in the Drivers Privacy Protection Act. Further, the change in the name of the title of the article to include ". . . The Ian Goldman Affair" was

˘10˘

to affect the queuing of the article on Google so that the article, with the unlawfully disclosed information would be more readily accessible. Thus, when anyone searched Google or any other search engine for information on Plaintiff Goldman, the article on Streetsblog.org "This Morning's Commute: The Ian Goldman Affair" would be one of the top articles to appear.

22. Since the foregoing publications of "personal information" of Plaintiff Goldman, he has been subjected to harassment such that he went to the Federal Bureau of Investigation to complain about what were reasonably perceived threats to his property and person that amounted to extortion. The threats and harassment have continued to the present day.

## FIRST CAUSE OF ACTION
### (Civil Cause of Action Under 18 U.S.C. § 2724)

23. Plaintiff Goldman incorporates by reference and re-alleges each allegation set forth in paragraphs 1 through 22 as though fully set forth herein.

24. Under 18 U.S.C. § 2722, it is unlawful for any person knowingly to obtain or disclose personal information from a motor vehicle record for any use not permitted by 18 U.S.C. § 2721(b).

25. Defendant White violated 18 U.S.C. §§ 2721 and 2722 when making false representations to obtain Plaintiff Goldman's "personal information" as defined in 18 U.S.C. § 2725 for uses not permitted under 18 U.S.C. § 2721(b) in the Drivers Privacy Protection Act and did so wilfully and in reckless disregard of the law.

26. The Drivers Privacy Protection Act at18 U.S.C. § 2724(a) provides that "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purposes not permitted" under the Drivers Privacy Protection Act "shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court." The

˘11˘

Drivers Privacy Protection Act at18 U.S.C. § 2724(b) provides that as for remedies, "the court may award" "(1) actual damages, but not less than liquidated damages in the amount of $2,500", "(2) punitive damages upon proof of willful or reckless disregard of the law", "(3) reasonable attorneys' fees and other litigation costs reasonably incurred" and "(4) such other preliminary and equitable relief as the court determines to be appropriate."

27. Under 18 U.S.C. § 2724, Plaintiff Goldman has a statutory right of a civil action against Defendant White for actual damages, punitive damages, reasonable attorneys' fees and other litigation costs reasonably incurred.

## SECOND CAUSE OF ACTION
### (Civil Cause of Action Under 18 U.S.C. § 2724)

28. Plaintiff Goldman incorporates by reference and re-alleges each allegation set forth in paragraphs 1 through 27 as though fully set forth herein.

29. Under 18 U.S.C. § 2722, it is unlawful for any person knowingly to obtain or disclose personal information from a motor vehicle record for any use not permitted by 18 U.S.C. § 2721(b).

30. Defendant Naperstek and Defendant The Open Planning Project, Inc. as publisher of Streetsblog.org violated 18 U.S.C. §§ 2721 and 2722, when on November 22, 2009, Defendant Naperstek published on Streetsblog.org an article, a 1:33 PM post and a 7:34 PM post (http://www.streetsblog.org/2006/11/22/this-mornings-commute/), on December 11, 2009, Defendant Naperstek published on Streetsblog.org another article http://www.streetsblog.org/2006/12/11/the-ian-goldman-of-beijing/, and on January 15, 2007 Defendant Naperstek published on Streetsblog.org yet another article (http://www.streetsblog.org/2007/01/15/celerant-ceo-ian-goldman-celebrated-in-the-wall-street-

˘12˘

journal/), containing Plaintiff Goldman's "personal information" as defined in 18 U.S.C. § 2725 for

uses not permitted under 18 U.S.C. § 2721(b) in the Drivers Privacy Protection Act and did so

wilfully and in reckless disregard of the law.

31. The Drivers Privacy Protection Act at18 U.S.C. § 2724(a) provides that "[a] person who

knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a

purposes not permitted" under the Drivers Privacy Protection Act "shall be liable to the individual to

whom the information pertains, who may bring a civil action in a United States district court." The

Drivers Privacy Protection Act at18 U.S.C. § 2724(b) provides that as for remedies, "the court may

award" "(1) actual damages, but not less than liquidated damages in the amount of $2,500", "(2)

punitive damages upon proof of willful or reckless disregard of the law", "(3) reasonable attorneys'

fees and other litigation costs reasonably incurred" and "(4) such other preliminary and equitable

relief as the court determines to be appropriate." Defendant Naparstek (and the Open Planning

Project) used common search engine optimization techniques to further propogate "personal

information" targeted to those interested in searching on the Internet, for Plaintiff Goldman and

Plaintiff Goldman's employer, Celerant Technology Corp.

32. Under 18 U.S.C. § 2724, Plaintiff Goldman has a statutory right of a civil action against

Defendant Naperstek for actual damages, punitive damages, reasonable attorneys' fees and other

litigation costs reasonably incurred and against Defendant The Open Planning Project, Inc. as

publisher of Streetsblog.org for equitable relief.

## THIRD CAUSE OF ACTION
### (Civil Cause of Action Under 18 U.S.C. § 2724)

33. Plaintiff Goldman incorporates by reference and re-alleges each allegation set forth in

˘13˘

paragraphs 1 through 32 as though fully set forth herein.

34.  Under 18 U.S.C. § 2722, it is unlawful for any person knowingly to obtain or disclose

personal information from a motor vehicle record for any use not permitted by 18 U.S.C. § 2721(b).

35.  Defendant John Does 1 through 5 and Defendant The Open Planning Project, Inc. as

publisher of Streetsblog.org violated 18 U.S.C. §§ 2721 and 2722, when on November 22, 2009,

they published on Streetsblog.org a 1:16 PM post and a 1:31 PM post, Plaintiff Goldman's "personal

information" as defined in 18 U.S.C. § 2725 for uses not permitted under 18 U.S.C. § 2721(b) in the

Drivers Privacy Protection Act and did so wilfully and in reckless disregard of the law.

36.  The Drivers Privacy Protection Act at18 U.S.C. § 2724(a) provides that "[a] person who

knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a

purposes not permitted" under the Drivers Privacy Protection Act "shall be liable to the individual to

whom the information pertains, who may bring a civil action in a United States district court."  The

Drivers Privacy Protection Act at18 U.S.C. § 2724(b) provides that as for remedies, "the court may

award" "(1) actual damages, but not less than liquidated damages in the amount of $2,500", "(2)

punitive damages upon proof of willful or reckless disregard of the law", "(3) reasonable attorneys'

fees and other litigation costs reasonably incurred" and "(4) such other preliminary and equitable

relief as the court determines to be appropriate."

37.  Under 18 U.S.C. § 2724, Plaintiff Goldman has a statutory right of a civil action against

Defendant John Does 1 through5 for actual damages, punitive damages, reasonable attorneys' fees

and other litigation costs reasonably incurred and against Defendant The Open Planning Project, Inc.

as publisher of Streetsblog.org for equitable relief.

ˇ14ˇ

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Goldman prays that the Court enter judgment in their favor of Plaintiff Goldman and against Defendants as follows:

(A) on the First Cause of Action against Defendant White, awarding Plaintiff Goldman actual damages in an amount to be determined at trial but no less than $2,500 with pre-judgment and post-judgment interest, punitive damages in an amount to be determined at trial, reasonable attorneys' fees and costs reasonably incurred;

(B) on the Second Cause of Action against Defendant Naperstek, awarding Plaintiff Goldman actual damages in an amount to be determined at trial but no less than $2,500 with pre-judgment and post-judgment interest, punitive damages in an amount to be determined at trial, reasonable attorneys' fees and costs reasonably incurred;

(C) on the Second Cause of Action against Defendant The Open Planning Project, Inc. as publisher of Streetsblog.org, awarding Plaintiff Goldman appropriate equitable relief, including a mandatory injunction to take down the publications complained of in the Second Cause of Action;

(D) on the Third Cause of Action, awarding Plaintiff Goldman actual damages in an amount to be determined at trial but no less than $2,500 with pre-judgment and post-judgment interest, punitive damages in an amount to be determined at trial, reasonable attorneys' fees and costs reasonably incurred;

(E) on the Third Cause of Action against Defendant The Open Planning Project, Inc. as publisher of Streetsblog.org, awarding Plaintiff Goldman appropriate equitable relief, including a mandatory injunction to take down the publication complained of in the Third Cause of Action;

˅15˅

and

(F) awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
        December 8, 2009

NESENOFF & MILTENBERG, LLP
Attorneys for Plaintiff Ian Goldman

By: _____
    Philip A. Byler, Esq. (PB 1234)

363 Seventh Avenue - 5th Floor
New York, New York 10001
212.736.4500